We'll call the case of In Re Stergiosand Renee Messina et al. Mr. Casey, is that properly pronounced? It is, Your Honor. Okay. David Casin, Casin and Casin, attorney for the Behrs appellants Stergiosand Renee Messina. This is not an AEDPA case, is it? No. I don't even know what AEDPA is. Who says that you know what AEDPA is? This is a bankruptcy case. Those who just argued the last two cases don't know what bankruptcy is either. Okay. This has a pretty tortured procedural history. It went from the bankruptcy court, where there was a reversal by the district court, then an appeal to this court, and then this court. We had an oral argument. The decision was held pending a decision of the United States Supreme Court in Schwab v. Riley. When that case was decided by the United States Supreme Court, it was then sent back by this court to the district court, who reversed its original decision, reversing the bankruptcy court decision. The second time around, the district court affirmed the bankruptcy court decision, and now it's appealed back to this court. In other words, what you're saying is Judge Simandl, former colleague of Judge Greenway, looked at this case pretty thoroughly on both sides. Yes. All right. Why are you arguing after all that that he's not wrong? Well, I believe he's wrong because he failed to take into account that when applying- I'm sorry, Mr. Case. Did you want to reserve time to revolt? Yes, I did. How much? I said originally five minutes, but make it three minutes. Okay. When he looked at the state statute, NJS 36-17-3.1, he felt that that statute couldn't be applied in this case because I believe he thought that the debtors were the one seeking the voiding of the National Penn Bank mortgage. But what happens in a bankruptcy case is when a bankruptcy case is filed and a state is created and a trustee is appointed and that trustee has certain rights. And the United States Supreme Court case of Butner v. U.S. instructs us to look to state law when determining property interest in a bankruptcy proceeding. And under state law, this second mortgage that was not properly mobilized was ruled as against all benefit purchases. Correct. And the trustee was a bona fide person. But your clients still owed the money on the mortgage because they got the money. They got the loan. They did. Okay. So it sounds like it's an interesting one. You're conceding as you must, but under New Jersey law, your clients still owe the money, but you're trying to take- As an unsecured debt. And that's what Judge Gindin, in a very, very similar case in Henry Buckles, said that under New Jersey state law, that if there's an effective acknowledgement on a mortgage, that debt is unsecured under applicable New Jersey state law, and that it's unsecured as of the date of the filing of the petition. Okay, but it's a debt nonetheless. It's a debt. And what you're trying to do is- But it's unsecured debt. I understand that. You're trying to take that debt that your clients have and wipe it out by leveraging the power of the trustee to take action in the bankruptcy action and avoid the second mortgage. I don't think that trustee had to take any action. That's the point. If the trustee did nothing in this case, then your clients would still be entitled to the $36,000 amount? Absolutely. And the reason for that is because under the state statute, it says that every mortgage shall be void against a bona fide purchaser unless the mortgage shall be acknowledged or approved according to law. If the trustee doesn't become a bona fide purchaser unless and until it takes the action of the bankruptcy. Now, the trustee becomes a bona fide purchaser as of the date and filing of the petition, the exact time of the date and filing. How do we know that? Well, this statute or case law tells us that. 544A. 544A of the Bankruptcy Code says, give me a second here. The trustee shall have, as of the commencement of the case, the rights and powers of a bona fide purchaser of real property. If he has the rights and powers of a bona fide purchaser as of the commencement of the case, that's when this mortgage is void. The mortgage shall be void and of no effect against a bona fide purchaser. The trustee didn't have to do anything. It was the New Jersey state statute that made the mortgage void. Not any action of the trustee. And if the mortgage was void under the state law as of the date and time of the filing of the petition, then there was an unsecured claim of national pen back, and there was an equity. And my clients had a right to exempt the equity, and that's what they did. Does any of the rights of a BFP make one a BFP? To be a BFP, you actually have to purchase something, don't you? Not under bankruptcy. So of the rights and powers of a bona fide purchaser. But doesn't one like that exercise the right? Just because he has the right doesn't mean he chooses to exercise it. Why shouldn't we follow the First Circuit's bankruptcy appellate panel decision in Sullivan? Was it their logic sound and not the facts for some? I'm not bound by it, but yeah. I don't recall that case. Okay. You don't? No. So you're arguing that under New Jersey law, no action had to be taken to cause a mortgage. Because they use the word void versus voidable in the U.S. That's really important. I know it is. In law school, they pounded that thought. I think it's very important because if it's void, it's void. If somebody has to take an action. But it's not void as to the debtor. As to the debtor in a bankruptcy situation. But once it's void because the trustee has the rights and powers of a bona fide purchaser, all the debtors are doing is if there's an unsecured debt and therefore there's an equity, they're just claiming their equity as exempt. Okay. Under Schwab, isn't this a different asset? A different asset. Yeah, but not the proceeds. Once the mortgage is avoided, isn't the asset that they're attaching different? Doesn't Schwab teach us that? I'm not sure. It really goes down to 522G. We made no claim under 522G. Because we're not claiming under 522G. We're claiming under 522D1. And the reason that we can claim under 522D1 is because there was an equity as of the date and time of the filing of the petition. And that's because the mortgage was void as of that date. Your clients have an equity. They did once the bankruptcy was filed. Five minutes before the bankruptcy was filed, they didn't have an equity. Exactly when the bankruptcy was filed, they had an equity because that national pen bank mortgage was void. That's what the New Jersey State Statute says. It says void. It doesn't say void. It says a little more than that, right? What else does it say? It says every mortgage shall be void and of no effect against a bona fide purchaser. Right. A bona fide purchaser, I mean, it doesn't say void as to anyone who possesses the rights and powers of a bona fide purchaser. I mean, a bona fide purchaser, as I understand it, correct me if I'm wrong, a bona fide purchaser is the next guy that comes along and says, I'm going to buy that property. You execute a deed. You transfer the money. You buy the property. That second marriage is not valid as to that woman that comes along as a BFP. So when she's negotiating to buy the house, I mean, she has the rights of a BFP. She might become a BFP, but she's not a BFP until the deal is done. But the trustee is. I mean, the trustee is a bona fide purchaser. Why is the trustee situated differently than the hypothetical woman that I just posited? I mean, the trustee has the right and the power to exercise the rights of a BFP, but that requires some executory conduct on the part of the trustee to actually move forward and do something, doesn't it? I don't think so. I don't think so. I think it's the same thing. The trustee is the same as a BFP as of the date of the filing. Okay. But how does, and maybe you answered this, but the trustee is the bona fide purchaser. So now the mortgage is void. Okay. But to the trustee, it's the benefits of New Jersey law. Correct. But how does that help the debtor? All the debtor is, is the debtor's coming along on the next step. Once there's an equity because the mortgage is void, the debtor has a right to claim that equity. Okay. And I don't see how you get to that under 522D as opposed to 522G. I'm not doing it under 522G. The reason I didn't do it. You didn't do it under 522G, you did it under 522D. Right. But doesn't that go to the timeliness of the objection? Right. I don't think it has anything to do with the timeliness of the objection. I think it has to do. Are you saying the objection was timely? Are you receding from your argument that the objection was not timely? No, the objection was not timely. But what I think it has to do with is when the mortgage became void and when the equity was created, and therefore, if as of the date of the filing of the petition, as Judge Finan says in Buchholz, it... First of all, Buchholz was a debtor in possession. Yeah. A little different, isn't it? Not really, because it doesn't matter if it's a debtor in possession or the Chapter 7 trustee that has these rights to void the mortgage. The minute that that mortgage was void, there was an equity. And what 531 says is that... Let me just turn to 541. The commencement of a case creates an estate. Such an estate is comprised of all the following property, and it's... All the equitable and legal interests of the debtor in property as of the commencement of the case. So if there was an equity, then under 522D1, the debtor had a right to exempt that equity. We're not seeking to glom on to the... Let me just stop you there. To get to that equity, though, you have to revert to New Jersey law. Correct. Correct. You have to revert to New Jersey law. All right. Okay. All right. I think we understand your position. Okay. All right. We're back on rebuttal. Okay. And we'll call Mr. Nutter. Yes, sir. Your Honor, may I please have a quorum? I'm Steven Nutter. I'm the trustee. I'm the case below. I'm also arguing on behalf of the appellate. The appellate's arguing based on two fundamental misconceptions. First of all, that the automatic grant to the trustee of strong-arm powers, which only the trustee has that only for the benefit of creditors, as this court has actively recognized in cybergenics, is self-executing. It is not. The second is that the debtors filed bankruptcy are entitled to purchasing benefit from that avoidance power confirmed by the trustee. They do not. Avoidance powers are, there's two categories of property of the estate. There are assets that the debtor enjoyed before the bankruptcy, and then there are avoidance powers that exist afterwards. The best way to illustrate the difference is if the machinist, for example, had, before the bankruptcy, had a valid claim that their signature was forged on the mortgage or there was undue influence, that's a cause of action. It does not require avoidance powers because the debtors had that power. In this case, we have an entirely different animal. We have an avoidance power which can only, by statute, be exercised by a trustee having the strong-arm powers that are granted only to a trustee, and as this court recognizes in cybergenics, that power does not exist for the debtor's benefit. In a Chapter 7 case, the trustee acquires those powers. In Chapter 11, or as in Buchholz, in Chapter 12, the debtor gets to be cloaked with those powers, but not for the debtor's own benefit. Section 544A, I think, makes the point that the avoidance power is not self-executing. That says that the trustee shall have, as of the commencement of the case, certain powers and rights, and here's the important point, and then it says, or may avoid. I agree with Mr. Case that the trustee doesn't have to do anything, but if the trustee doesn't do anything, the lien is not avoided. I think the best way to illustrate this point is to... Well, if you sat on your knees, then that second mortgage would have remained in effect. Yes. Under your jurisdiction, the operation of your jurisdiction probably will. Yes, actually, if I had declined to pursue that avoidance action, then, and only in that event, would the debtor have had the ability to step in and use it, but that's not our case. I did exercise those powers and those rights, and having done so... Well, it's more than giving them the ability to use that power. The New Jersey law says that the improper motorization still renders the mortgage effective as to the debtor. Well, it's actually in a provision of Section 522G, or H, excuse me, and again, it's not applicable here, but it basically says that a transfer avoidable by a trustee under Section 544, where a trustee doesn't attempt to pursue it, then the debtor may avoid the transfer. I see. So if you sat on your knees and didn't discharge your duty to try to avoid this mortgage, they could have stepped into your shoes and got it free. That's right. And as they did that, to whom would the benefit of their doubt? To the creditors or to the debtors? I think, following cybergenics and the example of buckles, it would have been used for the benefit of creditors. So maybe it's probably better to exercise that power under H than if they're doing all that work just for the benefit of their creditors. They could do it for several reasons. One is if they wanted to bring an asset into the estate to pay otherwise non-dischargeable debts, things like that. That might be the example. But let's go back to Mr. Kaysen's point that let's assume the court agreed with him that instantly there is this invalidation, immediately avoidance of a mortgage of record. The implications for the system of property titles in New Jersey, and I'll say to the court, I think Cox v. RKA, the New Jersey Supreme Court, made this very clear. There's a heavy presumption in favor of record titles. And if instantly upon filing a bankruptcy, without more, any mortgage of record could be declared void, there'd be questions. How would a mortgage lender ever know that they have a valid mortgage? I mean, the whole system upon which the ability of third parties to rely on books of record, absent of finding otherwise, would be upended, and you wouldn't have valid title. It just flies in the face of that whole concept. So lenders would have to research, they'd have to scour every bankruptcy file in the state of New Jersey to see if any of the mortgages on record are invalid under bankruptcy. And in his theory, they would have to file a declaratory judgment action of some type to have their name declared valid. This is silly. It's just not done that way. The point is that, in fact, the trustee needs to act on this. Part of the confusion may be, and again, there's a lot in this case, but the thing is that when a trustee, the mortgage is not avoided until the trustee goes to court and overturns that presumption by clear, convincing and satisfactory evidence and has a court rule that no, this mortgage is invalid. There is a lot of confusion in this case. In fact, Judge Samandel, the first time through, ruled against you. On the separate issue of the title of this. I understand that. And then along comes Schwab v. Rowley. Now, you don't want to deal with Schwab v. Rowley. Doesn't sound like it anyway. There hasn't been much discussion here. In fact, very late in the proceeding, you avoided this $200,000 mortgage. You sell the property. You got this cash. They want their $35,000 or $40,000 here in an exemption. You come along and say, wait a minute, we object to that. Haven't you emasculated by virtue of applying Schwab v. Rowley for the 403B that requires a timely objection? Not at all. In fact, in this case, and the Supreme Court, I think, correctly resolved a lot of confusion with Taylor v. Friedman and Franz and made clear that, again, if you want to claim an exemption, you have to do it on Schedule C. I relied on the Schedule C that they filed, and I found nothing objectionable to it, even under every possible interpretation that I had seen up to that point. But in their filing, they said that the NPP mortgage was an unsecured, non-priority claim. Wasn't that enough to give you some notice that there's something wrong with this mortgage? Not under Schwab v. Rowley. This was the issue of the first appeal. I know it was. The rule that Schwab v. Rowley made it very clear. The court said, take a look at Schwab v. Rowley. Yes, and I think under the tripartite standard of Schwab v. Rowley, there are three things you look at. You look at the description of the property. There's no description of the property as being and putting me on notice that they're seeking to avoid this mortgage on Schedule C. Unsecured, non-priority, didn't give you some notice? Schedule C is the only thing I have to look at, and this is what Schwab v. Rowley points out. I don't have to look at anything else. I do not, and the Supreme Court was very clear in Schwab to point out, the trustee doesn't have to guess at what's in the debtor's mind. In this case, not only was there nothing on Schedule C, there was not an inkling that the debtor was, in fact, claiming an exemption in the avoidance recovery. What I was doing was pursuing a course of action. Yeah, but it seems to me that there was. They claimed an exemption in property where they had mortgages, if you calculated them, in excess of the value listed on Schedule C, and it seems to me that that was a warning when they said mortgage was unsecured, non-priority claim. It wasn't sufficient to give me notice of anything other than that that mortgage was voidable, and I understood Section 522G very clearly, and had there been a claim that we're exempting it, had they even put Section 522G in their description of the property? I guess the point I'm driving at, are you saying that Schwab v. Rowley emasculates forth the rule? No, it does not. What it does is, and again, it solves a fundamental problem with Taylor, which was, you know, where are you? What are you doing? There has to be clear notice, and what Schwab says is, you want to claim an exemption, you've got to claim it on Schedule C, and you've got to do it in such a way, you've got to either by citing it, describing the property, or describing the statutory basis, or by the value, those three things have to be sufficient to put the trustee on notice that there's something to object to. And this makes a lot of sense, because under Taylor, the consequence of not objecting are horrendous for the estate. It's a matter of due process, which I don't think was argued, but the system requires trustees. Isn't the point of Schwab that the trustee can't be expected to read every sub-issue under the sun? The trustee's obligation in the first 30 days is to look at the claimed exemptions and make sure that as a fictional matter, they comport with the statutory scheme? Yes, and beyond that, the Supreme Court pointed out, the trustee doesn't have to guess at what's in the debtor's mind. The point is that, again, in the practical day-to-day reality, trustees hear maybe 100 or 200 cases a month, and that they have to quickly parse through these, and most of these cases, 90%, are no-asset cases. So the system would not function if a trustee had to object to every conceivable objection across the board, whatever their thought might be in their mind. So even if they put you on notice, as they apparently did, that there was a potential defect with the second mortgage, that still doesn't answer the question of whether they might not be entitled to the $36,900 statutory exemption. That's correct. I relied on Schedule C. Now, what happened is, in the course of handling this case, I filed the avoidance action, and I actually researched and filed a motion for summary judgment, and it was in the course of doing that research that the potential issue came up. So I proceeded as I needed to, again, relying on Schedule C, got the avoidance, made it very clear that I'm not only avoiding this mortgage, but I'm saving the value for myself, which means I still have value equity ahead of the debtors. The debtors don't get the benefit of what I did. If we agree with you, how do we write this case? How do we write this decision? I think it's very simple. Schwab v. Riley says that if you want to claim an exemption in a particular asset, you've got to meet Schwab's standards. Now, the next question is, I think you go back to cybergenics. Cybergenics lays the entire foundation for how you decide this case. Cybergenics says that if the debtors want to claim equity in an asset, and it's based on avoidance power as opposed to a cause of action they had beforehand, then the debtors do not get the benefit of that claim except one way, and the one way is they have to claim it as exempt properly, which means they have to cite either, in this case, the things they didn't do. They didn't mention the proceeds of the avoidance action. So you think they should have cited 522G? Had they cited 522G, as I think Judge Burns, basically the president of what Schwab decided, said you didn't cite 522G, that would have been enough to put the trustee on notice. You didn't mention on Schedule C. What happened in this case was after the avoidance, it's incumbent on me as trustee to get these issues out of the way so they don't crop their head at the very end when I'm trying to close the case. So that's why I concluded that the avoidance recovery under 551 belonged to me. I still had priority over the debtors because the debtors never had a right to avoid this mortgage. It belonged to me. Once I had that mortgage, I had to pay off the junior lien holders. Some junior lien holders had judgments. I was able to avoid those. And I would still have the equity for the estate under 551. It belonged to me. And to make it even clearer, when I filed my motion, I made clear that I was seeking to recover this for myself. The considerer, Belvin Sustainer, said, oh, by the way, this belongs to the trustee. I didn't need to do that. But that was clearly the implication. But by that point, I knew and understood, and it would have been apparent that there was a likely expectation that the debtors thought this was theirs. I needed to get that out of the way right away. I didn't need to deal with it because they never properly claimed the exemption. But within nine days of getting the avoidance recovery settled, I filed this motion. And that's why I did it, so that we could get there and little did I know we were going to be barred in this case to this court. Are you saying that nine days made a difference and you had done it in 11 days? It wouldn't have made any difference. You're not saying that. I'm not even saying that my motion was actually an objection because I never objected to their exemption as it was claimed. I never had to claim, object to their exemption because they never filed the proper exemption. What I did is I said, your honors, this is what they've accepted, but it doesn't attach to what I recovered because they never claimed. It was really a form of declaratory judgment action. I wanted the court to agree with me that they accepted the equity in the property, but that equity didn't exist for them on day one and it never existed later on because of what I did. So I didn't really object to the exemption. But if they're right that under New Jersey law, that mortgage as to the property was void and not voidable, don't they win? No, because they have the second part of this. Even if it's void, you have the problem that it came about as a result of avoidance powers that I enjoyed. They can't take this for themselves under cybogenics and the clear import of the statute, which says when you use avoidance powers, they do not exist for you. They exist for your creditors. Had they been successful, they would have been required. And this is sort of, I guess it shows you how inconsistent that would be. They have to take that equity. They can't put it in their pocket, but like the debtors in buck holes, they have to take that equity and pay their creditors, something that's my responsibility to do. So I don't think they win. They have two fundamental misconceptions, and both of them are wrong. And I think it's very clearly set forth in our brief. I think it's really settled law at this point from the statute, from the whole system of statutory construction. You need go no further than to look at the statutes. The avoidance takes place under 544. Upon avoidance under Section 550, I get to recover the value of what's avoided. Under 551, I get to keep it for the benefit of creditors. So I think it's really, really very clear. Their position is just contrary to all those authorities. Okay. Thank you, Senator. Thank you very much. Mr. Kasin. Well, obviously we disagree. I only think that mortgage became void under 544. I think it became void under state law. And when he says that he was preserving that avoided transfer for himself, he's really referring to Section 551, which says any transfer avoided under Section 522, Section 544, Section 545, 547, 548, 549, or 724A is preserved for the benefit of the estate, but only with respect to property of the estate. And I don't think that this mortgage was void under any of those sections. The mortgage was void under New Jersey state law. And if it was void under New Jersey state law, there was an equity. And I think I claim the proper exemption. Okay. Thank you. All right, Mr. Kasin. I thank both counsel for a well-argued and well-brief case, and we'll take the matter under advisement. Thank you.